# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SARA L. COON, Administratrix of the Estate of Maxwell Schollenberger, and in her own right, | : Civil No. 1:22-CV-00322 |
| Plaintiff, | : |
| v. | : |
| COUNTY OF LEBANON, *et al.*, | : |
| Defendants. | : Judge Jennifer P. Wilson |

## **MEMORANDUM**

This case arises from the tragic life and death of a 12-year-old boy, Maxwell Schollenberger ("Maxwell"). While some tragedies in life are unavoidable, the suffering that Maxwell was forced to endure was in no way inevitable. It resulted from the abuse inflicted by a few and the inaction of many others. Every adult in Maxwell's life failed to protect him. From the facts alleged in this case, the people who seemingly did the most to protect him were his paternal grandparents, but even they were unsuccessful. The abusers were Maxwell's father and his father's girlfriend. Maxwell's mother was conspicuously absent from Maxwell's life, apparently having little involvement with him for years, until bringing this suit seeking damages for his death. This suit seeks to hold the County of Lebanon, and several of its employees, responsible for failing to protect Maxwell through their inaction.

Before the court are two motions to dismiss.  The first was filed by Defendants County of Lebanon, James Holtry, Erin M. Moyer, Robert J. Phillips, William E. Ames, and Jo Ellen Litz.  (Doc. 7.)  In light of the passing of William E. Ames, the court granted an order to substitute Josephine C. Ames ("Ames"), Executrix of the Estate of William E. Ames, in place of Defendant William E. Ames.  (Doc. 32.)  Ames filed the second motion to dismiss and a brief in which she joined the arguments of the other Moving Defendants.  (Docs. 37, 38.)  Moving Defendants seek to dismiss all claims against them in the complaint.  For the reasons stated below, the court will grant in part and deny in part the motions to dismiss.  (Docs. 7, 32.)

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

According to the complaint, Plaintiff Sara Coon ("Coon") is the biological mother of Maxwell and was appointed Administratrix of his estate after his death in 2020.  (Doc. 1-1, ¶ 5–6, 22–23.)  At the time of Maxwell's death, he was living with Defendants Scott Schollenberger, Jr. ("Schollenberger"), Kimberly Maurer ("Maurer"), and six other minor children.  (*Id.* ¶ 18.)  Coon alleges that Maxwell "was held captive in a locked and darkened room without sufficient access to food, water, or a bathroom facility for prolonged periods of time[,]" was "subjected to physical abuse and torture[,]" and was "subjected to starvation and dehydration" by Defendants Schollenberger and Maurer.  (*Id.* ¶¶ 19–21.)  The Lebanon County

Medical Examiner and Coroner determined Maxwell's death "was caused by blunt force head trauma, complicated by conditions of starvation and dehydration." (*Id.* ¶ 23.)

Five years earlier, in 2015, Maxwell's grandmother, Lorie Schollenberger, made three calls to Lebanon County Children and Youth Services ("LCCYS"). During these calls, made over the span of two days, she attempted to locate Maxwell and to notify LCCYS that Maxwell had previously been abused by Schollenberger and Maurer. (*Id.* ¶¶ 51–72.) Her first two calls ended abruptly when the LCCYS staff notified her that they could not discuss the location of a child or whether a child had been removed from a home. (*See id.* ¶¶ 52–61.) According to the complaint, none of her calls resulted in any action to protect Maxwell, or any other action required by law. (*Id.* ¶¶ 59–89.) Instead, "[o]n or about May 26, 2020," Lorie Schollenberger was notified that Maxwell "was discovered dead in the residence of defendant Scott Schollenberger, Jr. and defendant Kimberly Maurer located [at] South White Oaks Street, Annville, Lebanon County, PA." (*Id.* ¶ 94.)

Based on these facts, Coon filed a fifteen-count complaint in the Court of Common Pleas of Lebanon County on February 3, 2022, alleging various

3

municipal and supervisory liability claims against Moving Defendants.[1]  (Doc. 1-1.)  This case was removed to federal court on March 3, 2022 by self-represented Defendant Maurer.  (Doc. 1.)  Defendant Maurer's filed notice asserted that removal was "appropriate because Plaintiff's [sic] filed evidence that is based on false statements."  (*Id.* at 3.)[2]  While a motion for remand was pending, Moving Defendants filed notice of removal.  (Docs. 2, 5.)  On March 18, 2022 and April 1, 2022, Moving Defendants minus Ames filed the first motion to dismiss the complaint and a supporting brief.  (Docs. 7, 11.)  Coon filed a brief in opposition on April 15, 2022, and the relevant Defendants timely filed a reply.  (Docs. 15, 28.)  On August 1, 2022, the court granted a motion to substitute Defendant William E. Ames with the Estate of William E. Ames.  (Doc. 32.)  Subsequently, the Estate filed a motion to dismiss.  (Doc. 37.)  The Estate incorporates by reference the arguments of the other Moving Defendants.  The Estate's motion is fully briefed.  (Doc. 38, 39, 40.)  Accordingly, both motions are ripe for disposition.

## JURISDICTION

The court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 as the parties have complete diversity and the amount in controversy exceeds

---

[1] The only claims not subject to dismissal in the instant motion are Counts IX–XI and Counts XIV–XV.  These claims are brought against Defendants Schollenberger and Maurer, neither of whom have filed a motion to dismiss or otherwise joined in Moving Defendants' motion.  (*See* Doc. 1-1.)  Neither of these Defendants have counsel of record.

[2] For ease of reference, the court utilizes the page numbers from the CM/ECF header.

$75,000.  Further, venue is appropriate because the action detailed in the complaint occurred within the Middle District of Pennsylvania.

## STANDARD OF REVIEW

In order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (quoting *Twombly*, 550 U.S. at 556).  "Conclusory allegations of liability are insufficient" to survive a motion to dismiss.  *Garrett v. Wexford Health*, 938 F.3d 69, 92 (3d Cir. 2019) (quoting *Iqbal*, 556 U.S. at 678–79).  To determine whether a complaint survives a motion to dismiss, a court identifies "the elements a plaintiff must plead to state a claim for relief," disregards the allegations "that are no more than conclusions and thus not entitled to the assumption of truth," and determines whether the remaining factual allegations "plausibly give rise to an entitlement to relief."  *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012).

**DISCUSSION**

**A. Coon's Due Process Claims Will be Dismissed with Prejudice.**

Coon asserts claims against Moving Defendants for violations of 42 U.S.C. § 1983 alleging procedural due process violations of the Fourteenth Amendment. Moving Defendants set forth five arguments in support of dismissal of the alleged due process violations, but the court need only address the first. They argue that the Pennsylvania's Child Protective Services Law ("CPSL") did not require Moving Defendants to provide Maxwell particular protective services that are cognizable as a procedural due process claim under the Due Process Clause of the Fourteenth Amendment. (Doc. 11, p. 11.) Moving Defendants submit that the United States Supreme Court has concluded that language similar to that of the CPSL neither creates a mandatory duty on the part of state actors nor creates a property right cognizable under a private cause of action. (Doc. 28, pp. 10–13 (citing *Town of Castle Rock v. Gonzales*, 545 U.S. 748 (2005).) Moving Defendants point out that the Third Circuit in *Burella v. City of Philadelphia*, 501 F.3d 134 (3d Cir. 2007), made clear that in light of the Supreme Court's *Castle Rock* decision, *Coffman*, on which Coon relies, is no longer good law. (*Id.*) *See also Burella*, 501 F.3d at 142–47, 146 n.15.

Moving Defendants also argue that, in contrast to Coon's assertion, *Estate of Bailey v. County of York*, 768 F.2d 503, 510–11 (3d Cir. 1985), is not controlling

and that, even if it were, it is not factually analogous to the present dispute.  (Doc. 28, pp. 12–16.)  Lastly, for the purposes of this discussion, Moving Defendants submit that, even if Coon's statutory interpretation of CPSL were correct, and the CPSL created a mandatory duty of the state, Lorie Schollenberger's statements to LCCYS staff did not meet the statutory definition of a report of suspected child abuse.  (*Id.* at 23–24.)  The statements were not suspected child abuse because, under 23 PA. CONS. STAT. ANN. § 6303(b.1) (2018), "child abuse" is limited to "any *recent* act or failure to act."  (*Id.*)

In opposition, Coon submits that the CPSL established an obligation by LCCYS and its employees to protect Maxwell.  (Doc. 15, p. 20.)  Coon further submits that this obligation created a property right protected by procedural due process rights of the Fourteenth Amendment.  (*Id.* at 20–23.)  Coon argues that "it has been the rule of the Third Circuit" since 1985 that "once a county agency learns that a particular child is in danger of abuse from third parties an affirmative duty entitled to constitutional protection is imposed upon the county agency to safeguard the child from further abuse." (*Id.* at 23 (citing *Estate of Bailey*, 768 F.2d at 510–11).)  Coon argues that, in *Estate of Bailey*, the Third Circuit concluded that "upon learning that the five year-old [sic] child was in danger of abuse from a third party, a 'special relationship' arose" between the youth service agency and the child which imposed an affirmative constitutional duty to safeguard

7

the child.  (*Id.* (citation omitted).)  In addition to citing the Third Circuit, Coon cites United States Supreme Court and Eastern District of Pennsylvania case law to argue that it is well-established that state statutes may impose an affirmative duty upon its agents and that such duties can be vindicated under the Due Process Clause.  (*See id.* at 22–23 (citing *DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189 (1989); *Coffman v. Wilson Police Dep't*, 739 F. Supp. 257 (E.D. Pa. 1990)).)

Coon argues that the plain language of the CPSL established a duty by state agents to act to protect Maxwell.  (*Id.* at 24.)  Having gained leave from the court to exceed the standard page limit on their brief, Coon uses the excess pages to chide Moving Defendants for "mechanically quot[ing] excerpts of language from an opinion authored by the United States Supreme Court, suggesting it to be authoritative."  (*Id.* at 25.)  Coon takes an alternative approach of citing no relevant precedent other than ten pages of block-quoted CPSL statute to support her contention.  (*Id.* at 26–36.)[3]  And then Coon argues, with little legal support, that this court should find a parallel procedural due process right under the Pennsylvania constitution.  (*See id.* at 57–62.)

---

[3] Admittedly, Coon cites Pennsylvania Supreme Court precedent addressing how a court should interpret a statute under the Statutory Construction Act.  (Doc. 15, p. 24 & n.21.)  But Coon conspicuously omits reference to United States Supreme Court precedent which exists and directly undercuts Coon's argument.

Coon is partially correct. *Estate of Bailey* did recognize a right under Section 1983 that the estate of the decedent could bring a suit against a youth services agency for the death of a child. 768 F.2d 503. But there are two important reasons why the court can not rely upon *Estate of Bailey*. The first is that the United States Supreme Court, in *DeShaney*, 489 U.S. at 193–94, specifically rejected *Estate of Bailey* and as a result *Estate of Bailey* is no longer good law. The second is that, even if *Estate of Bailey* remained good law, it would be factually distinct from the present case in a material way. In *Estate of Bailey*, the youth services agency had a duty to protect the child not simply because it was on notice of child abuse, but because the agency "actually took [the child] into custody." 768 F.2d at 510. Here, LCCYS never took custody of Maxwell.

In *DeShaney*, the Supreme Court reiterated that, under its precedent, "the Due Process Clauses generally confer no affirmative right to governmental aid, even where such aid may be necessary to secure life, liberty or property interests of which the government itself may not deprive the individual." 489 U.S. at 196 (citation omitted). Since the clause does not require the state to provide its citizens with specific protections from third party harms, the Supreme Court concluded that "the State cannot be held liable under the Clause for injuries that could have been averted had it chosen to provide them." *Id.* at 196–97. Acknowledging a narrow exception to the general rule, the Court recognized that "in certain limited

circumstances the Constitution imposes upon the State affirmative duties of care and protection with respect to particular individuals." *Id.* at 197–98.[4] But even in those instances, the Court noted, the state's affirmative obligation arises not simply from the person being unable to provide self-care, but because the inability to provide care was caused by the state's deprivation of their liberty. *Id.*

Coon's next argument is that although *DeShaney* foreclosed *Estate of Bailey* claims as cognizable substantive due process right claims, it still left them as cognizable procedural due process right claims. Coon points to the *Coffman* case in which the Eastern District of Pennsylvania recognized such a procedural due process right when a police department's failure to arrest the plaintiff's husband for violating a temporary protective order allowed the husband to attack the plaintiff.

In making this argument, Coon fails to acknowledge binding Third Circuit precedent declining to follow *Coffman*. In *Burella*, the Third Circuit made clear that in light of the Supreme Court's decision in *Castle Rock*, language such as appears in the CPSL does not give rise to procedural due process rights.[5] *Burella* also called into question the legal strategy of pursuing "a *substantive* due process

---

[4] For example, where the Eight Amendment's prohibition on cruel and unusual punishment requires prisons to provide medical care to incarcerated people.

[5] The court reminds counsel of PA. CODE 3.3(a)(2), which directs that a lawyer shall not knowingly "fail to disclose to the tribunal legal authority in the controlling jurisdiction known to the lawyer to be directly adverse to the position of the client and not disclosed by opposing counsel."

10

remedy," (in that case, the right to an arrest), which is not cognizable, and reframing the claim "as one of *procedural* due process." 501 F.3d at 146 (emphasis added).

In light of the binding precedent in favor of Moving Defendants, and the lack of valid precedent favoring Coon, the court concludes that Coon's federal claims fail as a matter of law. Accordingly, Counts I through VI and, to the extent they rely on federal claims, Counts XII and XIII will be dismissed with prejudice.

### B. The Court Will Decline to Exercise Supplemental Jurisdiction on Coon's State Law Claims.

Having determined that the federal claims in this case will be dismissed with prejudice, the claims that remain against Moving Defendants are state constitutional claims for which Coon acknowledges that the Pennsylvania Supreme Court has not yet recognized a private cause of action. (Doc. 15, p. 59; *see also King v. Ridley Twp.*, No. 07-704, 2007 U.S. Dist. LEXIS 51706, at *21 (E.D. Pa. July 17, 2007) ("[T]here is no common law cause of action, because the Pennsylvania Supreme Court has not recognized a *Bivens*-like claim for violations of the Pennsylvania Constitution.").)

Under 28 U.S.C. § 1367(c)(1) and (c)(3), a district court may decline to exercise supplemental jurisdiction over a claim if "the claim raises a novel or complex issue of State law" or "the district court has dismissed all claims over which it has original jurisdiction." In the present instance, both subsections apply.

Given the novel nature of the legal question presented, the court concludes that the issues would be better addressed by the state court. Accordingly, the court will decline to exercise supplemental jurisdiction on the state law claims and will remand Counts VII through XI, XIV through XV, and, to the extent they rely on state claims, Counts XII through XIII to state court.

## CONCLUSION

For the foregoing reasons, Moving Defendants' motions to dismiss, Docs. 7 & 37, will be granted in part and denied in part, and Counts I through VI and, to the extent they rely on federal claims, Counts XII through XIII will be dismissed with prejudice. The court will decline to exercise supplemental jurisdiction over Coon's state law claims, which the court will remand to the Court of Common Pleas of Lebanon County, Pennsylvania. An appropriate order follows.

s/Jennifer P. Wilson  
JENNIFER P. WILSON  
United States District Court Judge  
Middle District of Pennsylvania

Dated: December 16, 2022